IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MUELLER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 21-cv-6888 |
| SAM'S WEST, INC., a Foreign Corporation d/b/a ) | |
| SAM'S CLUB, & WALMART, INC., a Foreign ) | |
| Corporation, d/b/a SAM'S CLUB, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

NOW COMES Defendant, SAM'S WEST, INC. (SAM'S WEST) incorrectly sued as WALMART INC., a Foreign Corporation, d/b/a/ SAM'S CLUB by and through its attorneys, James P. Balog and Victor J. Aberdeen of O'Hagan Meyer LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, states as follows:

1. The movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. Both at the time of the commencement of the State Court action and at the present time, Defendant was a Delaware Corporation and its executive headquarters are located in Bentonville, Arkansas. (*See* Arkansas Secretary of State Business Information Search, attached as Exhibit A). A corporation has a single principal place of business where its executive headquarters are located. Metropolitan Life Ins. Co. v. Estate of Cammon, 929 F.2d 1220, 1223 (7th Cir. 1991). Therefore, at all pertinent times, SAM'S WEST is and has been a citizen of Delaware and Arkansas.

3. This matter arises out of an incident, which occurred on October 23, 2019, at the Sam's Club store located at 141 North Avenue, in the city of Northlake, Cook County, Illinois.

Plaintiff, ROBERT MUELLER, filed a Complaint in the Cook County Circuit Court, Law Division, styled <u>ROBERT MUELLER v. SAM'S WEST, INC., a Foreign Corporation d/b/a SAM'S CLUB, & WALMART, INC., a Foreign Corporation, d/b/a SAM'S CLUB,</u> bearing Cook County, Illinois, Case No. 2021 L 009883. (Exhibit B).

4. SAM'S WEST first received Plaintiff's Complaint when it was served with process on October 15, 2021. (*See* Service of Process Transmittal, attached hereto and incorporated herein as Exhibit C). In response to the Complaint, SAM'S WEST filed its Appearance, Jury Demand, and its Requests for Admission of Facts on December 1, 2021. (*See* SAM'S WEST Appearance, Jury Demand, and Requests for Admission of Facts, attached hereto and incorporated herein as Exhibit D).

5. The Requests for Admission of Facts sought admissions concerning citizenship and amount in controversy. Plaintiff responded to the Requests to Admit on December 21, 2021, admitting both that Plaintiff was a citizen of Illinois and that the value of the case exceeded $75,000. (See Plaintiff's Response to Defendant's Request to Admit attached hereto as Exhibit E).

6. Where a case is not removable by review of the initial pleadings, SAM'S WEST has a statutory right to file its Notice of Removal "thirty days after receipt…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As established in this Notice, SAM'S WEST has properly filed its Notice of Removal within the applicable thirty-day time frame, as until December 21, 2021, SAM'S WEST had no notice this case exceeded the jurisdictional amount necessary to trigger removal.

7. With the first notice that the amount in controversy exceeded $75,000 occurring on or about December 21, 2021, this Notice was filed within thirty (30) days of "receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from

2

which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

8. As required by 28 U.S.C. § 1446(d), the movant will promptly serve upon Plaintiff's counsel, and file with the Circuit Court of Cook County, a true and correct copy of this Notice.

9. By removing this action, Defendant does not waive any defenses available to it.

10. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

11. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, SAM'S WEST, INC. prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

Dated: December 28, 2021

Respectfully submitted,
O'HAGAN MEYER LLC

By: /s/Victor J. Aberdeen
One of the Attorneys for Defendant,
Sam's West, Inc. and Walmart Inc.

James P. Balog, Esq.
Victor J. Aberdeen, Esq.
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: 312-422-6100 / Fax: 312-422-6110
jbalog@ohaganmeyer.com
vaberdeen@ohaganmeyer.com